# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## ERNEST BROWN V. COMMONWEALTH.

March 16, 1922:

Absent, West, J.

1. HOMICIDE—*Murder of Convict Guard—Punishment—Code of 1919, Section 5051.*—The jury has no option in a prosecution of a convict for the murder of his guard under section 5051 of the Code of 1919, to fix any less punishment than electrocution.

2. HOMICIDE—*Murder of Convict Guard—Code of 1919, Section 5051 —Essential Element of the Offense.*—In a prosecution of a convict for the murder of his guard, it is essential for the Commonwealth to prove that, at the time of the homicide, the accused was a convict.

3. HOMICIDE—*Murder of Convict Guard—Code of 1919, Section 5051 —Identity of Defendant as Convict.*—In a prosecution of a convict for the murder of his guard, accused was indicted as Ernest Brown, alias "Fern," and the indictment charged that he had previously been convicted of a felony in the circuit court for the county of Surry, and that, at the time of the homicide, he was undergoing his punishment as a member of the State convict road force. The Commonwealth introduced a certified copy of a judgment and order of condemnation of Ernest Brown, alias "Fern," from the circuit court of Surry county. The trial court certified the facts, not merely the evidence, and, among them, that Ernest Brown was in custody at the time of the homicide,, and that the certified copy of the order of the circuit court of Surry county, above referred to, was the paper under which he was held in custody.

   *Held:* That this identified the accused as the convict under the judgment of Surry county.

Error to a judgment of the Circuit Court of Orange county.

*Affirmed.*

The opinion states the case.

*E. H. DeJarnette, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1-3]  The plaintiff in error, hereinafter called the accused, was a penitentiary convict, and murdered the guard who had him in custody.  He was convicted of the offense and sentenced to be electrocuted, which is the only punishment provided by statute.  The jury had no option to fix any less punishment.  Code, section 5051.  It was essential for the Commonwealth, in a proceeding for this offense, to prove that, at the time of the homicide, the accused was a convict; and the only error assigned is that the record does not show that he is the same Ernest Brown as the Ernest Brown who was convicted of a felony in Surry county and sentenced to a term of years in the penitentiary.  The assignment of error is without merit.  The accused was indicted as Ernest Brown, alias "Fern," and the indictment charged that he had been previously convicted of a felony in the Circuit Court for the county of Surry, and sentenced to a term of five years in the penitentiary, and that, at the time of the homicide, he was undergoing his punishment as a member of the State convict road force, at the camp in Orange county.  In support of the charge of such conviction, the Commonwealth introduced a certified copy of the judgment and order of condemnation of "Ernest Brown, alias 'Fern' " from the Circuit Court of Surry county.  The trial court certified the facts, not merely the evidence, established in the case, and, among them, "that Ernest Brown was, on the 1st day of March, 1921, in the custody of Walter E. Snow and D. N. Kyger, guards of the penitentiary of Virginia, working at a stone quarry in Orange county,

Va.," and that the certified copy of the order of the Circuit Court of Surry county above referred to was "the paper under which the said Ernest Brown was held in the said custody and under which he was received into said camp as a convict." This abundantly identifies the accused as the convict under the judgment aforesaid of Surry county. The murder was fully proved, and is not here denied. It is plain that the judgment complained of must be affirmed.

*Affirmed.*